# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2300

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Ronald Theodore Coleman, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 26, 2010
Filed: December 2, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ronald Coleman pled guilty to conspiring to manufacture and distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. The Government and the defense agreed that the applicable guidelines range was 262-327 months, and both parties requested a 262-month term. The district court[1] sentenced Coleman to 262 months' imprisonment and 10 years of supervised release. On appeal, Coleman's counsel has moved to withdraw and filed a brief under Anders v.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

California, 386 U.S. 738 (1967), arguing that the district court did not make an individualized assessment to determine the appropriateness of the requested sentence.

We reject this argument as it is unsupported by the sentencing transcript. We conclude that the district court committed no procedural error and imposed a substantively reasonable sentence. See Gall v. United States, 552 U.S. 38, 51 (2007) (in reviewing sentence, appellate court first ensures that district court committed no significant procedural error and then considers substantive reasonableness of sentence under abuse-of-discretion standard; if sentence is within applicable guidelines range, appellate court may apply presumption of reasonableness); United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (describing abuse of discretion).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____